UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
www.flsb.uscourts.gov

| | |
|---|---|
| In re:<br><br>**Silver Airways LLC,**<br><br>      Debtor-in-Possession. | Chapter 11<br><br>Case No. 24-23623-PDR |
| In re:<br><br>**Seaborne Virgin Islands, Inc.,**<br><br>      Debtor-in-Possession. | Case No. 24-23624-PDR<br><br>**Joint Administration Requested** |

## DEBTORS' *EX PARTE* MOTION FOR JOINT ADMINISTRATION

Silver Airways LLC ("Silver") and Seaborne Virgin Islands, Inc. ("Seaborne"), affiliated debtors and debtors in possession in the above captioned cases (Silver and Seaborne are each a "Debtor" and, collectively, the "Debtors"), by and through their undersigned counsel, file this motion (the "Motion") pursuant to sections 101(2), 105(a), 363(b), 541, 1107(a) and 1108 of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"), Rule 1015(b) and 6003 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Local Rules 1015-1(A), 5005-1(G)(1)(a) and 9013-1(C)(14), seeking entry of an order substantially in the form attached hereto as **Exhibit "A"** authorizing the joint administration of their chapter 11 cases (the "Cases"). In support of this Motion, the Debtors rely upon the *Declaration of Steve A. Rossum in Support of the First Day Motions* (the "Rossum Declaration"), which they are filing contemporaneously with this Motion.

## JURISDICTION & VENUE

1.    This Court has jurisdiction over this Motion under 28 U.S.C. §§ 157 and 1334 and Bankruptcy Rule 5005. This is a core proceeding pursuant to U.S.C. § 157(b)(2). Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## BACKGROUND

2.    On December 30, 2024 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.

3.    The Debtors are operating their business and managing their affairs as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

4.    For a detailed description of the Debtors and their operations, the Debtors respectfully refer the Court and parties-in-interest to the Rossum Declaration.

## RELIEF REQUESTED

5.    The Debtors seek entry of an order directing the joint administration of the Debtors' chapter 11 cases for procedural purposes only pursuant to sections 105(a), 363(b), 541, 1107(a) and 1108 of the Bankruptcy Code, Bankruptcy Rules 1015(b) and 6003 and Local Rules 1015-1(A), 5005-1(G)(1)(a) and 9013-1(C)(14).

6.    The Debtors will seek to employ the law firm of Smith, Gambrell & Russell, LLP to represent them in their respective chapter 11 cases, and the Debtors anticipate that administrative matters in common among their respective cases will predominate over those administrative matters, if any, concerning only one of the Debtors.

7.    Joint administration of the Cases will reduce the costs to each individual estate, will expedite the handling of administrative matters, and will more efficiently utilize judicial resources of the Court. It is appropriate and necessary to treat the Cases as a single case for administrative

purposes only to avoid duplicative proceedings and to save attorney time, court time, and the costs relating to duplicative matters in each case.

8. The Debtors request that the Cases be jointly administered by the Court such that a single docket and a single pleading filed under the name of "Silver Airways LLC, *et al.*" is utilized for matters relating to the administration of their respective estates. The Debtors further request that the Court permit all pleadings, notices, orders and other papers for either of the Debtors to be filed with only one original and that such filed documents be entered on a single docket; provided that the Court direct that a separate claims register for each case be maintained and that creditors be instructed to file a proof of claim, if required, in only the case or cases in which such creditors have claims.

9. The Debtors further request that all pleadings filed in the jointly administered case bear the following case style:

UNITED STATES BANKRUPTCY COURT<br>
SOUTHERN DISTRICT OF FLORIDA<br>
FORT LAUDERDALE DIVISION<br>
www.flsb.uscourts.gov

| | |
|---|---|
| IN RE: | Chapter 11 |
| SILVER AIRWAYS LLC, *et al.*[1] | Case No.: 24-23623-PDR<br>(Jointly Administered) |
|     Debtors.<br>_____/ | |

10. Joint administration of the Cases shall include:

    a) the combining of notices to creditors and other parties in interest;

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: SILVER AIRWAYS LLC (6766), and SEABORNE VIRGIN ISLANDS, INC. (1130). The mailing address and principal place of business of Silver is 2850 Greene Street, Hollywood, FL 33020. The mailing address and principal place of business of Seaborne is 2850 Greene Street, Hollywood, FL 33020.

      b)    the scheduling of hearings;

      c)    financial reporting by the Debtors;

      d)    the preparing by professionals of combined fee applications for both Debtors; and

      e)    the joint handling of other administrative matters.

11.    The Debtors also seek the Court's direction that a notation substantially similar to the following be entered on the docket of each of the Debtors to reflect the joint administration of the Cases:

> An Order has been entered in this case directing the procedural consolidation and joint administration of the chapter 11 cases commenced by the Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number: SILVER AIRWAYS LLC (6766), and SEABORNE VIRGIN ISLANDS, INC. (1130). The docket in Case No. 24-23623 should be consulted for all matters affecting the above-listed cases.

12.    The Debtors also seek authority to file monthly operating reports required by the Operating Guidelines and Financial Reporting Requirements promulgated by the U.S. Trustee on a consolidated basis if the Debtors determine, after consultation with the U.S. Trustee, that consolidated reports would further administrative economy and efficiency without prejudice to any party in interest and would accurately reflect the Debtors' consolidated business operations and financial affairs.

## **ARGUMENT**

13.    Bankruptcy Rule 1015(b) provides, in relevant part, as follows: "If a joint petition or two or more petitions are pending in the same court by or against . . . a debtor and an affiliate, the court may order a joint administration of the estates." Bankruptcy Rule 1015(b).

14.    The term "affiliate" is defined in 11 U.S.C. § 101(2)(A) to include an "entity that directly or indirectly owns, controls, or holds with power to vote, 20 percent or more of the outstanding voting securities of the debtor . . . ." The Bankruptcy Code also defines an affiliate as

a "corporation 20 percent or more of whose outstanding voting securities are directly or indirectly owned, controlled, or held with power to vote, by the debtor . . . ." 11 U.S.C. § 101(2)(B).  As defined above, the term "affiliate" includes "parents and subsidiaries of a debtor, as well as certain entities that operate or are operated by a debtor." William Miller Collier, Alan N. Resnick, & Henry J. Sommer, *Collier on Bankruptcy* ¶ 1015.03 (16th ed. 2024).

15. Joint administration is common when a group of companies files for bankruptcy relief.  Collier, Resnick & Sommer, *supra*, at ¶ 1015.03. The Bankruptcy Code provides for joint administration in situations where "the affairs of the related debtors may be sufficiently intertwined to make joint administration more efficient and economical than separate administration." *Id*. "Particularly in chapter 11, the success of one affiliate's reorganization effort may depend on the success of the other affiliates' efforts." *Id.*

16. Here, both Debtors meet the definition of affiliate as set forth in section 101 of the Bankruptcy Code. Silver indirectly owns Seaborne. The relationship of the Debtors satisfies the definition of affiliate. Furthermore, the affairs of the Debtors are sufficiently related that the joint administration of the cases is necessary to efficiently manage these cases and to minimize the disruption to the Debtors' operations post-petition. The operations of the Debtors are related, and to maintain the synergies achieved by the companies, the Debtors submit that joint administration of the Debtors' cases is warranted.

17. The rights of the respective creditors of the Debtors will not be adversely affected by the proposed joint administration because this Motion requests only administrative, not substantive, consolidation of the Debtors' estates.  As such, the Debtors will continue as separate and distinct legal entities and will continue to maintain their books and records in the ordinary course.  Moreover, each creditor may still file its proof of claim against a particular

estate. In fact, the rights of all creditors will be enhanced by the reduction in costs resulting from joint administration. The Court will also be relieved of the burden of scheduling duplicative hearings, entering duplicative orders, and maintaining redundant files. Finally, supervision of the administrative aspects of these chapter 11 cases by the Office of the United States Trustee will be simplified. Given the foregoing, joint administration of these chapter 11 cases will not give rise to any conflict of interest among the estates in these cases and will allow for a more cost effective and streamlined process.

**NOTICE AND NO PRIOR REQUEST**

18. Notice of this pleading will be served via facsimile transmission, email, or overnight delivery to (i) the United States Trustee, (ii) those parties listed as the Debtors' 20 largest unsecured creditors, (iii) counsel secured lender, Brigade Agency Services LLC, c/o Frank Terzo, Nelson Mullins, 100 S.E. 3rd Ave., Suite 2700, Fort Lauderdale, FL 33394; Lee Hart, Nelson Mullins, 201 17th St., NE, Suite 1700, Atlanta, GA 30363; Adam Herring, Nelson Mullins, 201 17th St., NE, Suite 1700, Atlanta, GA 30363, (iv) counsel to secured lenders, Argent Funding, LLC and Volant SVI Funding, LLC, Regina Stango Kelbon, Blank Rome LLP, 1201 N. Market Street, Suite 800, Wilmington, DE 19801(v) the District Director of the Internal Revenue Service, (vi) the U.S. Attorney for the Southern District of Florida, and (vii) those persons who file and serve a notice of appearance in the Cases pursuant to Rules 2002, 3017(a), and/or 9010 of the Bankruptcy Rules. No examiner, trustee or creditors' committee has been appointed in this case.

19. Because the substantive rights of creditors and other parties in interest will not be affected by the joint administration of the Cases, the Debtors believe that prior notice to all creditors of the Motion is not necessary or appropriate for the expeditious and economical administration of the estates.

20. No previous request for the relief sought in this Motion has been made to this Court or any other court.

21. Under Local Rule 9013-1(C)(14), the Court may grant this Motion on an *ex parte* basis, without hearing, as these are non-individual chapter 11 cases.

22. The Office of the United States Trustee does not oppose the relief requested in this Motion.

WHEREFORE, the Debtors request that for ease of administration, convenience, and economy, the Court enter an order, substantially in the form attached hereto as **Exhibit "A",** on an *ex parte* basis, directing the joint administration of the Debtors' cases and provide such other and further relief as may be just and proper.

Dated: December 31, 2024

SMITH, GAMBRELL & RUSSELL, LLP

By: */s/Brian P. Hall*
Brian P. Hall
Florida Bar No.: 0070051
Michael F. Holbein
Florida Bar No.: 1033402
bhall@sgrlaw.com
mholbein@sgr.law.com
1105 W. Peachtree Street NE
Suite 1000
Atlanta, GA 30309
Phone: (404) 815-3537
Facsimile: (404) 685-6837

*Proposed Attorneys for Debtors*

SGR/70885148.2

**EXHIBIT A**
**Proposed Order**

SGR/70885148.2

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FORT LAUDERDALE DIVISION**
www.flsb.uscourts.gov

| | |
|---|---|
| **In re:** | **Chapter 11** |
| **Silver Airways LLC,** | **Case No. 24-23623-PDR** |
|       **Debtor-in-Possession.** | |
| **In re:** | |
| **Seaborne Virgin Islands, Inc.,** | **Case No. 24-23624-PDR** |
|       **Debtor-in-Possession.** | |
| | **Joint Administration Requested** |

**ORDER GRANTING DEBTORS' *EX PARTE*
MOTION FOR JOINT ADMINISTRATION**

**THIS MATTER** having come before the Court, without a hearing, upon the *Debtors' Ex Parte Motion for Joint Administration* [ECF No. ] (the "Motion") filed by Silver Airways LLC ("Silver") and Seaborne Virgin Islands, Inc. ("Seaborne"), affiliated debtors and debtors in possession in the above captioned case (Silver and Seaborne are each a "Debtor"

9

SGR/70885148.2

and, collectively, the "<u>Debtors</u>") pursuant to Bankruptcy Rule 1015 and Local Rule 1015-1(A)(2)(a). The Motion requests entry of an order authorizing the joint administration of the bankruptcy cases of the Debtors.  The Court finds that (i) it has jurisdiction over the matters raised in the Motion pursuant to 28 U.S.C. §§ 157 and 1334; (ii) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and that this Court may enter a final order consistent with Article III of the United States Constitution; (iii) venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; (iv) the relief requested in the Motion is in the best interests of the Debtors, their estates, their creditors and other parties in interest; (v)  pursuant to Local Rule 9013-1(C) (14), the Court is authorized to grant the Motion without a hearing at its discretion, as these are non-individual chapter 11 cases; (vi) notice of the Motion was appropriate under the circumstances and no other notice need be provided; and (vii) upon a review of the record before the Court, including the legal and factual bases set forth in the Motion and the Rossum Declaration (as defined in the Motion) [ECF No.  _], good and sufficient cause exists for the granting of the relief as set forth herein, as the cases identified in the caption of this order are pending in this court by a debtor and an affiliate. Accordingly, it is

    **ORDERED** that:

    The Motion is **GRANTED**.

    1.    The above-captioned bankruptcy cases are consolidated for procedural purposes only and shall be jointly administered.  The case of Silver Airways LLC, *et al.*, Case No. 24-23623-PDR is designated as the "lead case."

    2.    A single case docket and court file will be maintained under the "lead  case" number.

    3.    Hearings in these jointly administered cases shall be joint hearings unless

otherwise specified.

    4.      The style of these jointly administered cases shall be in the style set forth below:

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
www.flsb.uscourts.gov

| | |
|---|---|
| IN RE: | Chapter 11 |
| SILVER AIRWAYS LLC, *et al.*[2] | Case No.: 24-23623-PDR<br>(Jointly Administered) |
|     Debtors.<br>_____/ | |

    5.      Pleadings filed in other than the lead case shall be captioned under the lead case name(s) and case number followed by the words "(Jointly Administered)" and beneath that caption, the case names and numbers for the cases in which the document is being filed. Claims filed shall indicate only the case name and number of the case in which the claim is asserted. Separate claims registers shall be maintained for each case. Ballots shall be styled and filed only in the case name and number of the member case for which the plan being voted on was filed. Schedules and the statement of financial affairs shall be styled and filed in the case name and number of the member case.

    6.      Parties may request joint hearings on matters pending in either of the jointly administered cases.

    7.      A docket entry shall be made in each of the Debtors' cases substantially as follows:

        An Order has been entered in this case directing the procedural consolidation and joint

---

[2] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: SILVER AIRWAYS LLC (6766), and SEABORNE VIRGIN ISLANDS, INC. (1130). The mailing address and principal place of business of Silver is 2850 Greene Street, Hollywood, FL 33020. The mailing address and principal place of business of Seaborne is 2850 Greene Street, Hollywood, FL 33020.

SGR/70885148.2

administration of the chapter 11 cases commenced by the Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number: SILVER AIRWAYS LLC (6766), and SEABORNE VIRGIN ISLANDS, INC. (1130). The docket in Case No. 24-23623-PDR should be consulted for all matters affecting the above-listed cases.

8. The Debtors shall maintain, and the Clerk of the United States Bankruptcy Court for the Southern District of Florida shall keep, one consolidated docket, one file, and one consolidated service list for these chapter 11 cases.

9. Nothing contained in the Motion or this Order shall be deemed or construed as directing or otherwise effecting a substantive consolidation of these chapter 11 cases and this Order shall be without prejudice to the rights of the Debtors to seek entry of an order substantively consolidating their respective cases.

10. The Debtors in Possession shall not commingle assets or liabilities unless and until it is determined, after notice and hearing, that these cases involve the same debtor or that another ground exists to order substantive consolidation of these cases.

11. The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

12. The Court retains jurisdiction with respect to all matters arising from or related to the implementation or interpretation of this Order.

# # #

<u>Submitted by</u>:

Brian P. Hall
SMITH, GAMBRELL & RUSSELL, LLP
Florida Bar No.: 0070051
[bhall@sgrlaw.com](mailto:bhall@sgrlaw.com)
1105 W. Peachtree Street NE
Suite 1000
Atlanta, GA 30309
Phone: (404) 815-3537
Facsimile: (404) 685-6837

Proposed Attorneys for Debtors

*(Mr. Hall is directed to serve this order upon all non-registered users who have yet to appear electronically in this case and file a conforming certificate of service.)*

SGR/70885148.2