**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
www.flsb.uscourts.gov

| | |
|---|---|
| IN RE: ) | |
| ) | |
| Silver Airways, LLC ) | **CHAPTER 11** |
| ) | |
| Debtor. ) | **Case No.: 24-23623-PDR** |
| ) | |

**OBJECTION OF UNION CREDITORS TO NOTICE OF FILING PROPOSED ORDER APPROVING (I) THE SALE OF DEBTOR'S ASSETS FREE AND CLEAR OF LIENS, CLAIMS, RIGHTS, ENCUMBRANCES, AND OTHER INTERESTS, (II) THE ASSUMPTION AND ASSIGNMENT OF CERTAIN EXECUTORY CONTRACTS AND UNEXPIRED LEASES, AND (III) RELATED RELIEF**

The ASSOCIATION OF FLIGHT ATTENDANTS-CWA and INTERNATIONAL BROTHERHOOD OF TEAMSTERS, LOCAL UNION NO. 1224 (IBT Local 1224) and the INTERNATIONAL BROTHERHOOD OF TEAMSTERS-AIRLINE DIVISION (IBT-AD) (hereinafter referred to as "Union Creditors") respectfully submit this Objection to the proposed sale of substantially all assets of SILVER AIRWAYS, LLC (the "Debtor"), and in support thereof, state as follows:

### I.    PRELIMINARY STATEMENT

The Union Creditors—recognized collective bargaining representatives of the Debtor's employees—object to the proposed sale of SILVER AIRWAYS' assets. The Debtor has failed to comply with key procedural and substantive obligations under the applicable collective bargaining agreements ("CBAs") and applicable law.

Specifically, The Debtor has failed to provide the required notices under the terms of the CBAs in connection with the contemplated sale; the sale documents and related pleadings fail to acknowledge that the CBAs are binding upon any purchaser as a successor employer; and the Debtor has not filed its referenced Exhibit 1 or Schedule 4.10, which are supposed to list all of the executory contracts and labor agreements that may be assumed and assigned as part of the sale.

Without these filings on the record, neither the Court nor affected parties—including the Unions—can evaluate whether the CBAs are being assumed, rejected, or improperly ignored. As such, the Union Creditors object to any final sale approval before these issues have been properly addressed.

## II.   ARGUMENT

1. SILVER AIRWAYS, LLC is party to several CBAs between the Union Creditors, representing its pilots and flight attendants. These CBAs contain notice and bargaining obligations triggered by any sale, transfer, or assumption of operations by a third party that bind future successors to the CBAs.

2. The current CBA between SILVER AIRWAYS, LLC and the INTERNATIONAL BROTHERHOOD OF TEAMSTERS, AIRLINE DIVISION states that the CBA "shall be binding upon any Successor or Assign of the Company unless and until changed in accordance with the provisions of the Railway Labor Act, as amended." Section I.2.

3. Per the above referenced CBA, "The Company shall ensure notice of the existence of this Agreement is provided to any potential purchaser, transferee, lessee, or assignee of the operation covered by this Agreement or any substantial part

thereof. Such notice shall be in writing with a copy to the Union." Section I.2.

4. Per the above provisions, Silver is required to provide written notice of the CBA to a potential successor with a copy to the Union that the Successor will assume the employment of the Pilots and adopt and assume the Agreement and all obligations thereunder. Section I.3.a-b.

5. The CBA also requires both Silver and the purchaser to each send written notice to Union that the purchaser will assume the Pilots on the Silver Airways Pilots System Seniority List, adopt and assume the CBA in its entirety, and assume all of the Company's obligations under the CBA.

6. The Union has requested that the Debtor provide the notices required by the CBA. Silver has ignored and failed to respond to the Union's letter and follow-up emails.

7. Language contained in the current CBA between SILVER AIRWAYS, LLC and the ASSOCIATION OF FLIGHT ATTENDANTS-CWA, AFL-CIO specifically states "The provisions of the Agreement shall be binding on any successors or assigns of the Company, unless and until changed in accordance with the provisions of the Railway Labor Act, as amended." Section 1.B. There has been no mention of this provision in any of Silver's filings.

8. In the Notice of Filing before the Court today, there are references to Exhibit 1 (APA and TSA) which is supposed to list all CBAs with labor unions that the purchaser is bound by or has an obligation to perform under.

9. To date, no such Exhibit 1 has been filed referencing the relevant CBAs.

10. Additionally, a Schedule 4.10 was also required to be filed with the Court delineating the CBAs to be assumed by the purchaser.

11. To date, despite assurances by the Debtor that such documents would be filed, the Debtor has not filed Schedule 4.10 or Exhibit 1, which are crucial to determining which contracts, including CBAs, are intended to be assumed and/or assigned.

12. Without these filings, neither the Court nor affected parties—including the Unions—can meaningfully evaluate whether the CBAs are being assumed, rejected, or improperly ignored.

13. The Debtor's actions and the record actively avoids mentioning that the pilots and flight attendants are represented by unions, are on seniority lists, and have pre-existing CBAs that the purchaser is legally required to recognize and honor. As such, Union Creditors object to the approval of the sale.

14. A meeting via CMT platform was scheduled for 11:30 a.m. on June 10, 2025 but Debtor's representatives were late and have not as of this filing confirmed that the buyer will be a successor employer who assumes the collective bargaining agreements. Accordingly, the issues raised in this Objection could not be resolved.

WHEREFORE, for the reasons set forth above, the Union Creditors respectfully request that this Court deny approval of the proposed sale unless and until the Debtor:

a. Provides the required notices under the CBAs;

b. Acknowledges the binding nature of the CBAs on any successor purchaser; and

c. Files the missing Exhibit 1 and Schedule 4.10 listing the CBAs.

d. Grant such other and further relief as this Court deems just and proper.

**CERTIFICATE OF SERVICE**

    The undersigned hereby certifies that on June 10, 2025 a copy of the foregoing Notice was served and filed, electronically through the court's ECF System.

By: /s/D. Marcus Braswell, Jr.
D. MARCUS BRASWELL, JR.
