UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

In re:

SILVER AIRWAYS LLC, *et al.*[1]

    Debtors.

_____/

Case No. 24-23623-PDR
Chapter 11

(Jointly Administered)

**OBJECTION OF KENN BOREK AIR LTD
TO THE EMERGENCY MOTION FOR ENTRY OF AN ORDER (I) APPROVING
BIDDING PROCEDURES IN CONNECTION WITH TRANSACTION BY AUCTION;
(II) SCHEDULING A HEARING TO CONSIDER THE TRANSACTION;
(III) APPROVING THE FORM AND MANNER OF NOTICE THEREOF;
(IV) APPROVING CONTRACT PROCEDURES; AND (V) GRANTING RELATED
RELIEF**

Kenn Borek Air Ltd. ("Kenn Borek" or "Lessor") submits this objection (the "Objection") to the *Emergency Motion for Entry of an Order (i) Approving Bidding Procedures in Connection with Transaction by Auction; (ii) Scheduling a Hearing to Consider the Transaction; (iii) Approving the Form and Manner of Notice Thereof; (iv) Approving Contract Procedures; and (v) Granting Related Relief* [ECF. No. 645] (the "Sale Motion") filed by Seaborne Virgin Island, Inc. ("Seaborne") and its affiliated debtor Silver Airways, LLC ("Silver," and together with Seaborne, the "Debtors") seeking authority to, among other things, conduct a sale of certain assets (the "Sale") to STK I US LLC (the "Buyer"), and would respectfully show as follows:

**PRELIMINARY STATEMENT**

1. The Sale, as proposed, purports to unilaterally modify the terms of the MSN 464 Lease upon the proposed assumption and assignment in violation of section 365 of the Bankruptcy Code. Specifically, Seaborne purports to add a new term that unilaterally extends the MSN 464

---

[1] The Debtors in these Chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Silver Airways LLC (6766), and Seaborne Virgin Islands, Inc. (1130).

Lease and alters the rent owed thereunder, without the consent of Kenn Borek. Seaborne cannot pick and choose which provisions in the MSN 464 Lease to assume, nor can it unilaterally and non-consensually add terms to an unexpired lease. Absent consent, Seaborne must assume the MSN 464 Lease as a whole and as currently written or not assume the MSN 464 Lease at all.

2. Further, the Bankruptcy Code requires Seaborne to provide adequate assurance that the proposed buyer can perform under the MSN 464 Lease. Unless and until adequate assurance of future performance is provided, Seaborne is prohibited from assuming and assigning the MSN 464 Lease.

3. The Court should not permit Seaborne to rewrite the MSN 464 Lease and circumvent the Bankruptcy Code. At a minimum, any order approving the Sale Motion must clarify that absent affirmative written consent by Kenn Borek, the MSN 464 Lease cannot be modified upon assumption and that Seaborne must provide adequate assurance of future performance.

## JURISDICTION

4. This Court has jurisdiction to hear this Motion pursuant to 28 U.S.C. § 157 and 1334. Venue of these proceedings and this Motion in this district is proper pursuant to 28 U.S.C. § 1408 and 1409. The statutory predicates for the relief requested herein is section 365 of the Bankruptcy Code and the corollary Bankruptcy Rules.

## RELEVANT BACKGROUND

5. On December 30, 2024 (the "Petition Date"), the Debtors each filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"), commencing the above-captioned cases (the "Cases") in the United States Bankruptcy Court for the Southern District of Florida (the "Court").

2

6. On January 3, 2025, the Court entered an Order Jointly Administering the Chapter 11 Cases of Silver and Seaborne [ECF No. 32].

7. Before the Petition Date, Kenn Borek, as lessor, and Seaborne, as Lessee, were parties to, *inter alia*, the: (a) Aircraft Lease Agreement by Kenn Borek Air Ltd., as lessor, and Seaborne Virgin Islands, Inc., as lessee, dated December 30, 2022 (as at any time amended and supplemented, the "MSN 287 Lease"), with respect to one (i) De Havilland DHC6-300 aircraft with MSN 287; (ii) two (2) Pratt and Whitney model PT6A-27 Engines, Manufacturer's Serial Numbers PCEPG0395 and PCEPG0504, and other parts, components, and equipment subject to the MSN 287 Lease (the "MSN 287 Aircraft Equipment" and collectively, the "MSN 287 Aircraft"); (b) that certain First Amendment to the MSN 287 Lease (collectively with the MSN 287 Lease, the "MSN 287 Lease Documents"); (c) and all other documents executed in connection with, or relating to, the MSN 287 Lease, and the corresponding MSN 287 Aircraft Equipment (the "MSN 287 Lease Transaction Documents").

8. Before the Petition Date, Kenn Borek, as lessor, and Seaborne, as Lessee, were also parties to, inter alia, the: (a) Aircraft Lease Agreement by Kenn Borek Air Ltd., as lessor, and Seaborne Virgin Islands, Inc., as lessee, dated December 30, 2022 (as at any time amended and supplemented, the "MSN 464"), (b) that certain First Amendment to the MSN 464 Lease dated February 5, 2024, which was for a swap of MSN 533 for MSN 464, specifically one (i) De Havilland DHC6-300 aircraft with MSN 464; (ii) two (2) Pratt and Whitney model PT6A-27 Engines, Manufacturer's Serial Numbers PCE52391/52391-100 and PCE52385/52385-100, and other parts, components, and equipment subject to the MSN 464 Lease (collectively, the "MSN 464 Aircraft Equipment"); (c) that certain Second Amendment to the MSN 464 Lease dated November 1, 2024 (collectively with the MSN 464 Lease and the First Amendment to the MSN

3

464 Lease, the "MSN 464 Lease Documents"); and (d) all other documents executed in connection with, or relating to, the MSN 464 Lease, and the corresponding MSN 464 Aircraft Equipment (collectively, the "MSN 464 Lease Transaction Documents").  A true and correct copy of the MSN 464 Lease is attached hereto as composite **Exhibit "A"**.

9.     As of the Petition Date, Seaborne was in default under the MSN 287 and MSN 464 Leases for failing to make rent and utilization payments due thereunder in the aggregate amount of $295,672.00.

10.    On February 26, 2025, the Debtors filed a *Motion for an Order Authorizing the Debtor to Make a Section 1110(a) Election and to Perform Cures Thereunder* with respect to the MSN 464 Lease [ECF No. 178].

11.    On February 27, 2025, the Court entered an *Order Approving the Section 1110(a) Election and Authorizing Payment of Cure Amounts* with respect to the MSN 464 Lease [ECF No. 182] (the "MSN 464 Section 1110(a) Election").

12.    As of February 28, 2025, however, the Debtors had not made a Section 1110(a) election or cured the defaults with respect to the MSN 287 Lease.  Accordingly, pursuant to Section 1110(c) of the Bankruptcy Code, Kenn Borek made written demand on Seaborne for the return of the MSN 287 Aircraft.

13.    On March 5, 2025, Kenn Borek timely filed its proof of claim numbered 257 (the "Proof of Claim") against Seaborne for unpaid prepetition and rejection damages amounts relating to the Kenn Borek Aircraft [Claim No. 257].

14.    On May 9, 2025, Kenn Borek filed the *Motion for Allowance and Payment of Administrative Expense Claims Against Debtor Seaborne Virgin Islands Inc.* relating to Seaborne's post-petition use of the MSN 287 Aircraft [ECF No. 467] (the "Admin Claim

4

Motion"), and on June 25, 2025, the Court entered an *Order Granting in Part the Admin Claim Motion* [ECF No. 701].

15. On June 18, 2025, the Debtors filed the Sale Motion, seeking authority to, among other things, enter into the *Asset Purchase Agreement* (the "PSA") between Seaborne and Buyer, and to assume and assign the MSN 464 Lease [ECF No. 645]. A copy of the PSA is attached to the Sale Motion as Exhibit A.

## OBJECTION

16. Kenn Borek does not generally oppose a sale of Seaborne's assets, but files this Objection to protect its rights in connection with any assumption and assignment of the MSN 464 Lease. Specifically, Kenn Borek objects (i) to the incomplete definition of "Aircraft Lease Agreement" in the PSA, (ii) to the attempted unilateral modification of the MSN 464 Lease without Kenn Borek's consent and (iii) that Seaborne has failed to provide adequate assurance of future performance of the obligations under the MSN 464 Lease.

### A. The PSA Contains an Incomplete Definition of the MSN 464 Lease

17. As a preliminary matter, Kenn Borek objects to the incomplete definition and use of the term "Aircraft Lease Agreement" in the PSA (referring to the MSN 464 Lease) to the extent that it does not expressly include and incorporate by reference the First Amendment to the MSN 464 Lease and the Second Amendment to the MSN 464 Lease. It must be made clear that any reference in the PSA to, among other things, monthly reserve amounts or adjustments for engine, propeller, or airframe reserves are references to the amounts or adjustments in the current ***amended*** version of the Aircraft Lease Agreement. *See* Article 1.1 and Section 2.6 of the PSA.

5

### B. Seaborne Cannot Unilaterally Change the Terms of the MSN 464 Lease

18. Section 365 of the Bankruptcy Code requires Seaborne to assume and assign the MSN 464 Lease *cum onere*—it may not pick and choose which provisions to retain or rewrite the MSN 464 Lease. *N.L.R.B. v. Bildisco & Bildisco*, 465 U.S. 513, 531–32 (1984) ("Should the debtor-in-possession elect to assume the executory contract, however, it assumes the contract *cum onere* . . . ."); *Thompkins v. Lil' Joe Recs., Inc.*, 476 F.3d 1294, 1306 (11th Cir. 2007) ("[A] debtor must either assume an executory contract in its entirety or completely reject it . . . ."); *In re Beverage Canners Int'l Corp.*, 255 B.R. 89, 95 (Bankr. S.D. Fla. 2000) ("[S]imply because a debtor determines that it wishes to maintain the benefits of a contract and not the concurrent obligations does not mean that a debtor can . . . accept the benefits and reject the burdens. It is black letter law that an executory contract must be either assumed in its entirety, *cum onere*, or completely rejected.").

19. Here, Seaborne is not proposing to simply assume and assign the MSN 464 Lease—instead Seaborne is attempting to unilaterally rewrite terms under the guise of assuming the MSN 464 Lease. Specifically, the PSA states that the MSN 464 Lease will be modified to increase the rent by 3% **beginning January 1, 2026 if the lease is extended beyond October**, *see* PSA at Section 2.6. By contrast, under the MSN 464 Lease, the term thereof may only be extended upon the agreement of the parties, and Kenn Borek has not agreed to any such extension, much less one that does not provide for the rent to increase as of the beginning at the new term on **November 1**. *See* Exhibit A, p.68. The PSA attempts to impermissibly rewrite the MSN 464 Lease by providing for an extension that has not been agreed to by Kenn Borek on terms that have not been agreed to by Kenn Borek.

20. While parties may *agree* to modify a contract when it is assumed and assigned, Kenn Borek is under no obligation to agree to such modification much less to any extension, especially where the modification alters one of the material terms of the MSN 464 Lease. *In re Edgewater Constr. Grp., Inc.*, 665 B.R. 645, 663 (Bankr. S.D. Fla. 2024) ("[T]he law is clear – neither non-bankruptcy law nor bankruptcy law requires a non-debtor party to an executory contract . . . to modify any of the provisions of the contract."). And while it is understandable why Seaborne and the Buyer want to decrease the amount of rent owed under the MSN 464 Lease, they cannot simply rewrite the MSN 464 Lease under the guise of exercising assumption rights. *See In re Cherokee Run Country Club, Inc.*, 430 B.R. 281, 286 (Bankr. N.D. Ga. 2009) ("Debtor also asks the Court to relieve it of any obligation under Section 5.6(c) of the lease, contending that it is very expensive for the debtor to comply with this Section. The bankruptcy law on assumption of executory contracts is clear, and an executory contract may not be assumed in part and rejected in part. The debtor has assumed this lease, and the Court cannot eliminate one section of the lease to save the expense.").

21. As Kenn Borek has not and will not consent to an extension of the MSN 464 Lease on any terms, much less to the modification proposed in the PSA, Seaborne should not be permitted to assume and assign the MSN 464 Lease to the Buyer under the PSA.

**C. Seaborne Must Provide Adequate Assurance of Future Performance**

22. Section 365 of the Bankruptcy Code prohibits Seaborne from assuming or assuming and assigning the MSN 464 Lease unless and until Seaborne provides adequate assurance that Buyer will continue to perform all obligations under the MSN 464 Lease. *See* 11 U.S.C. § 365(b); *In re Airlift Int'l, Inc.*, 761 F.2d 1503, 1508 (11th Cir. 1985). Here, Seaborne has failed to do so.

23. The PSA states that the Buyer is assuming $625,000 in liabilities, which constitutes the majority of the purchase price, but Seaborne has provided no information regarding the Buyer's ability to meet those liabilities or to perform under the MSN 464 Lease. Indeed, a simple Google search indicates that Nella Airlines, the entity that purports to be backing the Buyer, does not have any operations and also appears to be a shell company. As such, there is currently no evidence that Buyer would have the ability to close the transaction and perform.

24. The only evidence relevant to future performance is the attempt to unilaterally *decrease* rental obligations under the MSN 464 Lease going forward. Seaborne cannot assume and assign the MSN 464 Lease without providing adequate assurance of future performance.

## RESERVATION OF RIGHTS

25. Nothing in this Objection is intended to be, or shall be construed as, a waiver of any of Kenn Borek's rights and remedies under the MSN 464 Lease, the Bankruptcy Code and all other applicable law, all of which are hereby reserved, including without limitation any rights relating to any assumption or assignment of the MSN 464 Lease, or Seaborne's requirement to cure any and all defaults that may exist or that may arise relating to the MSN 464 Lease.

## PRAYER

**WHEREFORE**, Kenn Borek respectfully requests that the Court enter an order (i) denying the Sale Motion unless and until (a) Seaborne is prohibited from unilaterally and non-consensually modifying the MSN 464 Lease, and (b) Seaborne cures all defaults and provides adequate assurance that the Buyer can and will perform all obligations arising under the MSN 464 Lease; and (ii) granting such other and further relief as the Court deems just and proper.

Dated: June 25, 2025

Respectfully submitted,

*/s/ Joaquin J. Alemany*
Joaquin J. Alemany, Esq.
Florida Bar No. 662380
Holland & Knight LLP
701 Brickell Avenue, Suite 3300
Miami, Florida  33131
Telephone: (305) 789-7763
Facsimile:  (305) 789-7799
E-mail:  joaquin.alemany@hklaw.com

Barbra R. Parlin, Esq. (*admitted pro hac vice*)
Holland & Knight LLP
787 Seventh Avenue
New York, New York 10019
Telephone:  (212) 513-3200
Facsimile:   (212) 385-9010
Email: barbra.parlin@hklaw.com

*Attorneys for Kenn Borek Air Ltd., as Lessor of the MSN 464 Aircraft*

**CERTIFICATE OF SERVICE**

I hereby certify that on this June 25, 2025, a true and correct copy of the foregoing was served via the Court's CM/ECF System to all parties authorized to receive notice via CM/ECF.

By: */s/ Joaquin J. Alemany*
Joaquin J. Alemany, Esq.